IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION as RECEIVER FOR TRIDENT GROWTH FUND, L.P., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:12-CV-1222-K |
| COTTONWOOD ADVISORS, LLC, DDONALD R. BROOKS TRUST, GEORGE MOOREHEAD, TRIDENT ADVISORS, LLC, and TRDIENT MANAGEMENT, LLC, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Donald R. Brooks Trust's ("Brooks Trust") Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction (Doc. No. 33). The Court has considered the motion, the parties' briefs, and the applicable law. The Court **HOLDS** that the Court has personal jurisdiction over the Brooks Trust. Defendant Brooks Trust's Motion (Doc. No. 33) is **DENIED**.

I. **Factual Background**

The Small Business Administration as Receiver for Trident Growth Fund, L.P. ("SBA") is seeking to recover capital commitments allegedly owed under a Limited Partnership Agreement from each of the defendants, including the Brooks Trust. Trident Growth Fund, L.P. ("Trident") is a Delaware limited partnership. Brooks

Trust is a private limited partner of Trident. The Brooks Trust sole trustee, Donald Brooks, has residences in Oakland County, Michigan and Palm Beach County Florida.

After this Court appointed the SBA as receiver for Trident, the SBA took possession of the books and records of Trident. Trident's books and records contained a Limited Partnership Agreement and Subscription Agreement (collectively "Agreements") between the Brooks Trust and Gemini Growth Fund, L.P., an entity which is now Trident. The Agreements admit the Brooks Trust as a limited partner and bind the Brooks Trust to the terms of the Limited Partnership Agreement. The SBA filed its notice of appointment as receiver, including a copy of the receivership complaint and order, in the United Stated District Courts for the Southern District of Florida and for the Eastern District of Michigan. Prior to this suit, the SBA made a demand upon the Brooks Trust for $125,000, the unpaid amount of the Brooks Trust's capital commitment, pursuant to the Agreements. The SBA has now brought a breach of contract action to enforce the Brooks Trust capital contribution obligations under the Agreements.

## II.     Brooks Trust's Motion to Dismiss for Lack of Personal Jurisdiction

The Brooks Trust contends that this Court does not have personal jurisdiction over it because Title 28, Sections 754 and 1692 of the United States Code (the "Receivership Statutes") are inapplicable to an action to enforce a contractual obligation. The SBA contends that personal jurisdiction is proper because an

obligation under the Agreements is personal property within the meaning of 28 U.S.C. § 754, and the SBA, as receiver, complied with the filing and service requirements of the Receivership Statutes.

A.   **Legal Standard**

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the initial burden of proof to establish a prima face evidence of personal jurisdiction. *Kelly v. Syria Petroleum Development B.V.*, 213 F.3d 841, 845 (5th Cir. 2000). The SBA relies on the Receivership Statutes to establish personal jurisdiction. Section 754 states in relevant part:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.

Section 1692 states in relevant part:

> In proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall be entered of record in each of such districts.

These statutes create both *in rem* and *in personam* jurisdiction in all districts where property of the receivership estate may be located." *Quilling v. Stark*, 2006 WL 1683442, at *2 (N.D. Tex. June 19, 2006). In cases where personal jurisdiction is predicated on a federal statute that allows for nationwide service of process, Congress has effectively provided for the national exercise of personal

jurisdiction over a defendant based on his contacts with the United States. *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994).

The Brooks Trust makes no argument that that the Donald Brooks, the sole trustee, does not have sufficient contacts with the United States. Donald Brooks has multiple residences in the United States and the Limited Partnership Agreement and Subscription Agreement were both agreed to in the United States, under Delaware and Texas law respectively. It is also undisputed that the SBA properly complied with filing and service requirements in both districts where Donald Brooks, the Brooks Trust's sole trustee resides.

### B. Application of the Receivership Statutes to Contractual Obligations

The Brooks Trust overarching contention is that obligations established by the Agreements are not property within the plain meaning of the statutes. First, the Brooks Trust contends that the statutes only establish jurisdiction for the *return* of receivership property or funds. Second, the Brooks Trust contends that it is not holding any receivership property. The SBA argues that Brooks Trust's obligations under the Agreements are personal property of Trident, and nothing in the Receivership Statutes limits the receiver to seeking only the return of property.

In all statutory construction cases, the Court begins with the language of the statute. *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002). The first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. *Robinson v. Shell Oil Co.*, 519 U.S.

337, 340 (1997). The Court need not inquire further if the statutory language is unambiguous and the statutory scheme is coherent and consistent. *Id.*

With respect to the dispute in this case, 28 U.S.C. § 754 is unambiguous. The statutory text extends the receiver's jurisdiction to civil actions or proceedings *involving* property, real, personal, or mixed. 28 U.S.C. § 754 (West 2006). The ordinary meaning of "involving" is to be included as a necessary circumstance, condition, or consequence. WEBSTER'S COLLEGE DICTIONARY 711 (1992). The statute gives the receiver complete jurisdiction over all involved property and the right to take possession of it. 28 U.S.C. § 754 (West 2006). Nothing in the statute indicates that the receiver's jurisdiction is limited to civil actions or proceedings for the *return* of property, as the Brooks Trust argues. *See id.* By its clear terms, the statute does not distinguish between whether the specific property sought was previously actually possessed by the receiver or not. To be subject to the Receivership Statutes, the property need only be a circumstance, condition, or consequence included in the receivership action.

The Brooks Trust also argues that 28 U.S.C. § 754 cannot apply because the Brooks Trust does not have any property of the receiver. The Court disagrees that the Brooks Trust does not hold any property of the receiver under the plain language of the statute. Obligations owed to Trident under the Agreements are personal property of Trident.

At the personal jurisdiction stage, uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). The SBA alleges that, acting as receiver with all the powers and privileges of the General Partner in Trident, it made a capital call to the Brooks Trust pursuant to the Agreements and demanded 100% of the Brooks Trust unpaid limited partnership capital commitment. The SBA further alleges that the Brooks Trust failed to honor its obligation to Trident as demanded, and is currently in default of its obligations to Trident under the Agreements. Taken as true, the SBA's allegations establish that the Brooks Trust is currently in possession of $125,000 owed to Trident. The only question remaining is whether money owed under a contractual obligation is personal property of the entity to which it is owed.

The plain meaning of personal property shows that the Brooks Trust is subject to personal jurisdiction. The plain language of 28 U.S.C. § 754 is that the receiver's jurisdiction extends to all "property, real, personal or mixed." Personal Property is defined as "any moveable or intangible thing that is subject to ownership and not classified as real property." BLACK'S LAW DICTIONARY 1337 (9th ed. 2009). The Brooks Trust capital contribution obligation is an intangible thing. The right to receive payment is a right of Trident that is subject to ownership, and a capital contribution obligation is not classified as real property. The Brook Trust's capital contribution obligation is personal property owned by Trident.

The case law also supports the Court's personal jurisdiction over the Brooks Trust. Title 28 U.S.C. § 754 is a stepping stone on [the court's] way to exercising *in personam* jurisdiction over one who holds receivership assets in a remote district. *S.E.C. v. Bilzerian*, 378 F.3d 1100, 1103 (D.C. Cir. 2004); *S.E.C. v. Vision Communications, Inc.*, 74 F.3d 287, 290 (D.C. Cir. 1996). The cases uniformly hold that money owed to the entity in receivership is a receivership asset.

While the parties can point to no case exactly on point, the analogous cases to which the SBA refers the court are persuasive. In several cases, the receiver is seeking to enforce a promissory note. *See, e.g., S.E.C. v. Bilzerian*, 378 F.3d at 1100. For purposes of personal jurisdiction under the Receivership Statutes, there is nothing distinguishable between a promissory note to pay money for consideration given and a promise to pay a capital contribution in return for consideration given.

The Brooks Trust argues that in the case of a note, the entity in receivership paid money out to the debtor which it is looking to recover. Such a distinction is not relevant to determining whether the obligation is property, such that it is an asset of the entity in receivership. Personal property is defined by whether or not the intangible thing is subject to ownership, not by how the intangible thing became subject to ownership. *See* BLACK'S LAW DICTIONARY 1337 (9th ed. 2009).

One case to which the parties refer implicitly makes this point. In *Enterprise Leasing Co. of DFW v. Larson King, LLP*, the court considered whether accounts receivables were taxable personal property. 326 B.R. 112 (Bkrtcy N.D. Tex. 2005).

The Brooks Trust attempts to distinguish this case by arguing that the case involved accounts receivables rather than a capital contribution.  The distinction strengthens the conclusion that a capital contribution obligation is personal property.  With an account receivable, the entity has given a service or product in exchange for the right to be paid money.  In an accounts receivable situation, the entity who has the right to collect payment is not merely recovering money it lent, like in the case of a promissory note.  The entity has the right to collect payment because they gave consideration in the form of a product or service.

Trident gave the opportunity to participate in the partnership entity and the potential to receive a return on investment in exchange for the right to be paid money according to the terms of the Agreements.  Similar to an account for receivables, the outstanding obligation is an asset owned by Trident, according to the terms of the Agreements between the parties.  Because Brooks Trust's obligation to pay money is subject to ownership, the obligation and any money wrongfully withheld by default, is personal property, similar to a promissory note or an account for receivables.

This court's *in personam* jurisdiction extends to all districts where property, believed to be that of the receivership estate, can be found.  *See Haile v. Henderson Nat. Bank*, 657 F.2d 816 (6th Cir. 1981).  The Brooks Trust had an obligation to make a capital contribution on demand.  The Brooks Trust defaulted on its obligation to complete its capital contribution. The obligation is personal property, and upon default, the Brooks Trust began holding $125,000 of Trident's property.

## III. Conclusion

Because 28 U.S.C. § 754 extends the receiver's jurisdiction to the Brooks Trust capital contribution obligations, and because there is no dispute that the SBA properly complied with the requirements of 28 U.S.C. §§ 754 & 1692, invoking the national jurisdiction of this Court, this Court has personal jurisdiction over Defendant Brooks Trust.

**SO ORDERED.**

**Signed December 4, 2012**

_____
**ED KINKEADE
UNITED STATES DISTRICT JUDGE**