IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SBA as RECEIVER FOR TRIDENT GROWTH FUND, L.P. | § § § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:12-cv-01222-K |
| COTTONWOOD ADVISORS, LLC. | § | |
| DONALD R. BROOKS TRUST, | § | Related Action: |
| GEORGE MOOREHEAD, | § | Civil Action No. 3:10-cv-01416-K |
| TRIDENT ADVISORS, LLC, and | § | |
| TRIDENT MANAGEMENT, LLC | § | |
| Defendants. | § | |

**RECEIVER'S RESPONSE TO MOTION TO STAY PLAINTIFF'S CLAIMS PENDING ARBITRATION AND COMPEL ARBITRATION ON BEHALF OF DEFENDANT DONALD BROOKS TRUST**

COMES NOW the United States Small Business Administration, as Court appointed receiver ("the Receiver") for Trident Growth Fund, L.P. ("Trident"), and in Response to the Motion to Stay Plaintiff's Claims and Pending Arbitration and Compel Arbitration on Behalf of Defendant Donald Brooks Trust as follows:

**I. INTRODUCTION**

The Brooks Trust has, after filing at least two extensions for time and a motion to dismiss, now filed a motion to stay this ancillary proceeding and compel arbitration pursuant to Section 6.15 of the Trident Agreement of Limited Partnership. The Receiver has determined that, based on the existence of the arbitration provision, it will agree to have this proceeding stayed, pending arbitration under the laws of the American Arbitration Association, such

1

arbitration to be conducted in Dallas, Texas with the arbitration award to be confirmed buy this Court.

## II.   BACKGROUND

### A.   Trident Growth Fund, L.P. Partnership Background

Trident Growth Fund, L.P. was formed in 1999 as a limited partnership under the laws of the State of Delaware under the name Sagemark Capital, L.P. Trident, t/k/a Sagemark, was licensed by the United States Small Business Administration ("SBA") in May, 2000 to operate as a small business investment company under the provisions of the Small Business Investment Act, 15 U.S.C. 661 et. seq ("the Act") and its accompanying regulations ("the Regulations") found at 13 C.F.R. §107.1 et. seq.  On or before September 26, 2006, Sagemark changed its name to Trident Growth Fund, L.P.  Trident is currently in good standing with the Secretary of State of Delaware and is current in all of its filings.

By Order entered July 20, 2010 ("the Receivership Order") in <u>United States v. Trident Growth Fund, L.P.</u>, Case No. 10-cv-1416(K) ("the Receivership Action"), this Court appointed SBA as receiver for Trident under the provisions of the Act found at 15 U.S.C. §687c.  The Receivership Order provides in pertinent part that the Receiver is appointed for the purpose of liquidating Trident's assets and preserving all of its claims. By Order entered March 5, 2012 in the Receivership Action, this Court entered an order lifting the judicial stay and injunction on litigation imposed by paragraphs 7 and 8 of the Receivership Order and the jurisdictional provisions of the Act found at 15 U.S.C. §687c for a limited purpose and authorized the Receiver to commence an action for recovery in

this Court against the limited partners of Trident that had failed to fund their capital commitments after demand was made by the Receiver.

### B.  Capital Commitment of the Donald Brooks Trust to Trident

Shortly after its appointment by this Court, the Receiver took possession of the official books and records of Trident, a federal financial, but non-depository, institution. Trident's books and records contained a Subscription Agreement ("the Subscription Agreement") executed on or about October 12, 2002 by Donald Brooks, Trustee of the Donald R. Brooks Trust UDT 7/27/84 ("the Brooks Trust").  The Subscription Agreement, attached hereto as Exhibit 1 and as Docket No. 52-2, provides at paragraph 1 that the Subscriber (identified on page 17 of the Subscription Agreement as the Brooks Trust) will be admitted to the Partnership (identified as Gemini Growth Fund, L.P. n/k/a Trident Growth Fund, L.P.) as a Limited Partner and will be bound by the terms of Trident's Limited Partnership Agreement ("the LPA"), attached hereto as Exhibit 2 and as Docket No. 52-1, relating to the Partnership.

Via letter dated January 3, 2012, and in accordance with Sections 3.3 and .4 of the Limited Partnership Agreement, the Receiver made demand upon the Brooks Trust for $125,000, the remaining amount of the Brooks Trust capital commitment that remained unpaid. Payment was not, and has not, been received.  Consequently, on April 20, 2012 the Receiver filed this civil action for breach of contract against the Brooks Trust and the other limited partners who failed to honor their obligation to Trident.  On December 4, 2012, this Court denied the Brooks Trust's Motion to Dismiss for Lack of Personal Jurisdiction denied by this Court.  On or about December 10, 2012, the Brooks Trust filed

its Motion to Stay Plaintiff's Claims Pending Arbitration and Compel Arbitration to which the Receiver now responds.

### III. DISCUSSION

The Receiver has reviewed the provisions of the LPA, the Subscription Agreement and the pleadings and has determined that it has no objection to proceeding against the Brooks Trust through arbitration to be held under the laws of the American Arbitration Association in Dallas, Texas with confirmation of any arbitration award to be made by this Court.

As this Court and the Brooks Trust are aware, this Court has exclusive jurisdiction over the Receiver and it assets, including intangible personal property, under the provisions of 15 U.S.C. 687c and 28 U.S.C. 754.  Arbitration provisions in contracts are viewed as forum selection clauses that do not affect substantive rights afforded by law. Safety Nat'l Casualty Corp. v. Certain Underwriter's at Lloyd's London, 543 F.3d 744, 748 (5th Cir. 2008)(*citing* Preston v. Ferrer, 552 U.S. 346, 358-359 (2008).  Therefore, the arbitration provision does not affect this Court's jurisdiction over the Receiver.

As a consequence of Section 6.15 of Trident's limited partnership agreement, Trident agreed to arbitrate disputes relate to the Limited Partnership Agreement.  As the Brooks Trust's Subscription Agreement refers to, and incorporates, the Limited Partnership Agreement, the Receiver agrees to submit the matter to arbitration.  However, although Section 6.15 of the Limited Partnership Agreement sets forth that arbitration under the rules of the American Arbitration Association, Section 6.15 of the Agreement does not identify a locale; instead under Section 6.13, the parties have agreed that in any suit or proceeding arising out of or in connection with the Limited Partner's investment in

the Partnership, the Limited Partner consents to venue within the state in which the Partnership has its principal place of business at the time of any suit, action or proceeding. The Subscription Agreement is similarly silent as to locale and instead at Section 7 "specifically adopts and accepts each and every provision" of the Agreement.

This Receivership Court has oversight and possession of the Receiver and its property and is the ultimate arbiter of any actions or decisions made by the Receiver and is considered Trident's principal place of business. See Royal Indemnity Comp. v. American Bond and Mortgage Co., 289 U.S. 165, 168 (1933); In re: Commonwealth Oil Refining Co., 596 F.2d 1239, 1244-1245 (5th Cir. 1979); In re: Peachtree Lane Assoc., 150 F.3d 788, 794-796 (7th Cir. 1998). Thus, the arbitration should be conducted under the rules of the American Arbitration Association in Dallas, Texas by an arbitrator agreed upon by the parties.

Finally, this Court, having the exclusive jurisdiction over the Receiver and its assets, will also be the ultimate body that decides the validity of any arbitration award. As was the case in U.S. Small Business Administration as Receiver for Coqui Capital Partners, L.P. v. Coqui Capital Management, et. al., 2008 WL 4735234 *1 (October 27, 2008), the arbitration award must be confirmed by the Receivership Court. U.S. Small Business Administration as Receiver for Coqui Capital Partners, L.P. v. Coqui Capital Management, et. al., Civil Action 08-cv-0978 (Docket No. 44) upon stipulation of the parties. Conversely, the parties may also appeal the arbitration award to the Court under the Federal Arbitration Act, 9 U.S.C. §16; Smart v. Sunshine Potato Flakes, LLC, 307 F.3d 684, 685 (8th Cir. 2002) (holding that the Court that stayed the matter pending arbitration had the power to rule on the arbitration award); see McVay v. Halliburton

Energy Services, Inc., 688 F.Supp. 556, 559 (N.D. Tx. 2010).   Thus, this Court will ultimately be asked to either confirm the arbitration award or overrule the arbitration award under the provisions of 9 U.S.C. §16.

## IV.   CONCLUSION

For the reasons stated above, the Receiver is requesting that this Court stay the pending matter until arbitration to be conducted between the Receiver and the Brooks Trust in Dallas, Texas under the rules of the American Arbitration Association is completed and either a Stipulation for Confirmation of the arbitration award is requested by the parties or an appeal is made by one of the parties under the provisions of 9 U.S.C. §16.

Respectfully submitted,

Date:   December 21, 2012         /s/ Arlene M. Embrey
ARLENE M. EMBREY
Bar No. FL 125539
Office of General Counsel
U.S. Small Business Administration
409 Third Street, SW Seventh Floor
Washington, D.C. 20416
Email: Arlene.embrey@sba.gov
T.      202.205.6976

SARA R. SALDAÑA
UNITED STATES ATTORNEY
TAMI PARKER
ASSISTANT UNITED STATES ATTORNEY
Deputy Civil Chief, Dallas Division
State Bar No. TX 24003946
1100 Commerce Street, Rm 300
Dallas, TX  75242
T.      214-659-8681

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 21st day of December, 2012 I have caused the foregoing Response to Motion to Stay Plaintiff's Claims Pending Arbitration and Compel Arbitration on Behalf of Defendant Donald R. Brooks and the proposed Order, to be served on the following via electronic mail pursuant to this Court's ECF notification system and/or first class mail postage prepaid upon the following:

Douglas J. Kress, Esq.
Schwed, Kahle & Jenks, P.A.
11410 North Jug Road, Suite 100
Palm Beach Gardens, FL  33418
dkress@schwedpa.com

T. Michael Kennedy
tmichael@justicefortexans.com

John Parker, Esq.
Tami Parker, Esq.
United States Attorney's Office
1100 Commerce Street, Rm 300
Dallas, Texas 75242


/s Arlene M. Embrey