UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SBA AS RECEIVER FOR TRIDENT GROWTH FUND, L.P., | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 3:12-CV-01222-K |
| COTTONWOOD ADVISORS, LLC, et al. | § § § § | |
| Defendants. | § | |

## ORDER

Before the court are Defendant Donald R. Brooks Trust's Motion for Order Confirming Arbitration Award ("the Motion to Confirm") (Doc. No. 56) and Receiver's Supplemental Response to the Brooks Trust's Motion to Confirm Award and Receiver's Motion to Vacate Arbitration Award ("the Motion to Vacate") (Doc. No. 59). The Court has reviewed the above motions, the briefing, the materials submitted by the parties, and the applicable law. The Court hereby **GRANTS** the Motion to Confirm (Doc. No. 56) and **DENIES** the Motion to Vacate (Doc. No. 59).

I.  **Factual and Procedural Background**

In 2000, Trident Growth Fund, L.P. ("Trident") was licensed by the United States Small Business Administration ("SBA") as a Small Business Investment Company ("SBIC"). As an SBIC, Trident obtained Leverage Financing from the SBA in the form of fully-guaranteed debentures. These funds were to be used to invest in small businesses

selected by Trident. While applying to be an SBIC, Trident submitted a 29-page "Due Diligence Process" that provided an exhaustive list of questions to be asked, documents to be obtained, and analyses to be completed before Trident would invest in a small business. Donald Brooks, as Trustee of the Donald R. Brooks Trust (collectively "Brooks"), met with representatives of Trident in 2002 to discuss Brooks becoming a limited partner of Trident. In those meetings, Trident made clear representations about the extensive due diligence that would precede investment in any small business. Based on these express representations, Brooks signed a subscription agreement and became a limited partner of Trident. Pursuant to the terms of the subscription agreement, Brooks tendered an initial investment of $125,000 with an additional $125,000 to be tendered in the event of a capital call.

Despite the explicit assurances that Trident would perform extensive due diligence before investing, Trident invested significant amounts of money in small businesses with negative financial conditions. The manager of Trident's general partner stated at the arbitration that he had never seen the 29-page Due Diligence Process. The general partner failed to gather the required documents and information for most of the small business in which Trident invested. Because of this financial mismanagement, Trident was placed into liquidation status by the SBA in 2009. This Court appointed the SBA receiver for Trident on July 20, 2010. The SBA sought to recover the remaining limited partners' unpaid capital commitments. Included in this amount was the second $125,000 payment Brooks owed pursuant to the subscription agreement.

Trident filed suit against Brooks and other limited partners seeking recovery of the unpaid capital commitments. This Court compelled the parties to arbitration pursuant to the arbitration clause included in Trident's Limited Partnership Agreement. At arbitration the SBA alleged that Brooks had breached the subscription agreement and committed fraud by not paying the second half of his capital commitment. Brooks asserted a defense that his breach was excused by Trident's failure to exercise due diligence. Brooks also filed a counterclaim to recover the initial $125,000 capital commitment because Trident's general partner breached its fiduciary duty to the limited partnership and limited partners. The arbitrator's award ("the Award") found that Brooks' claims of breach of contract and breach of fiduciary duty were actually derivative claims that belong to Trident. Because they were derivative, Brooks could not recover on these claims. But, the arbitrator found that Trident materially breached the terms of the subscription agreement. Trident's material breach excused Brooks' further performance of the subscription agreement. Thus, the SBA's breach of contract claim failed. Finally, the arbitrator ruled that Trident and the SBA were estopped from asserting a fraud claim against Brooks. Though he did not prevail on his contract claim or recover any actual damages, the arbitrator awarded Brooks $70,000 in attorneys' fees under Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8). The arbitrator also awarded Brooks $7,000 in costs, $9,012.50 in administrative fees and expenses, and ".10 % (ten percent)" [sic], for a total of $86,012.50 plus interest.

Brooks filed the Motion to Confirm in this Court seeking confirmation of the Award in its entirety. The SBA responded with the Motion to Vacate asserting that the arbitrator exceeded his authority by holding Trident liable for the actions of its general partner.

II.     **The Motion to Vacate**

When a party seeks confirmation of an arbitration award, the Court gives deference to the decisions of the arbitrators. *Glover v. IBP, Inc.*, 334 F.3d 471, 473 (5th Cir. 2003). Review of such an award is extraordinarily narrow. *Id.* at 473–74. Even if the court disagrees with the arbitrators' interpretation of a contract, the award must be affirmed if the decision "draws its essence from the contract." *Id.* At 475. "To draw its essence from the contract, an arbitrator's award must have a basis that is at least rationally inferable, if not obviously drawn, from the letter and purpose of the agreement." *Id.* "The award must, in some logical way, be derived from the wording and purpose of the contract." The Court may vacate an award if: (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10(a) ("Section 10(a)"). Because it is not based on Section 10(a), the Fifth Circuit no longer recognizes manifest disregard for the law as a basis to vacate an arbitration award. *Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 355 (5th Cir. 2009).

The SBA relies on the fourth avenue for vacation of an award. It argues that the arbitrator exceeded his authority by imposing liability upon Trident for the bad acts of its general partner and for permitting Brooks to avoid liability based on these same bad acts of Trident's general partner. To succeed in these arguments, the SBA must show more than grave or serious error was committed by the arbitrator. *Oxford Health Plans, LLC v. Sutter*, 133 S. Ct. 2064, 208, 2070–71 (2013). In order for the arbitrator to have exceeded his power, the SBA must show that he did something other than interpret and enforce the subscription agreement. *See Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 (2010). In *Stolt-Nielsen*, the Supreme Court found that the arbitration panel exceeded its authority by "impos[ing] its own view of sound policy regarding class arbitration." *Id.* The arbitrator did nothing similar to that action in this case.

In each of its three arguments that the arbitrator exceeded his authority, the SBA asserts that the arbitrator imposed liability on Trident for the actions of a third party that was not a party to the arbitration and to whom the SBA is adverse. This assertion is simply false. As receiver, the SBA stands in the shoes of Trident in this case. *Davis v. Brown*, 94 U.S. 423, 427 (1876). "If [Trident] could not have enforced a liability upon [Brooks] . . . the receiver cannot enforce it." *Id.* The actions upon which the arbitrator based his decision were undertaken by Trident's general partner. The general partner was Trident's agent. Tex. Bus. Org. Code Ann. § 152.301 (West 2012). The actions the general partner took for the purpose of Trident's business were binding upon Trident. *See Long v. Lopez*, 115 S.W.3d 221, 225–26 (Tex. App.—Fort Worth 2003, no pet.).

Because Trident, acting through the general partner, materially breached the subscription agreement, the arbitrator found that Brooks was excused from further performance. The arbitrator did not in any way hold Trident or the SBA liable for a non-party's action. To the contrary, he simply placed the SBA in the shoes of Trident. Trident could not have recovered from Brooks, so neither can the SBA in its role as receiver. Because the arbitrator correctly applied Texas partnership law, he did not exceed his authority.

This finding does not mean the Court does not consider error to have been committed. The arbitrator appears to have misapplied Tex. Civ. Prac. & Rem. Code Ann. § 38.001 by awarding attorney's fees to Brooks. The Texas Supreme Court has held that to recover under this statute, a party must recover some amount of damages. *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 666 (Tex. 2009). Because Brooks was not awarded any actual damages, the arbitrator erred in awarding attorneys' fees. Despite that error the SBA does not seek to vacate the Award on this ground, nor could it successfully do so. Because both parties sought an award of attorneys' fees under the contract, the arbitrator was merely interpreting the contract. Though attorneys' fees were awarded in error, the arbitrator did not exceed his authority. He simply misinterpreted the law. Because the arbitrator did not exceed his authority, the Motion to Vacate is **DENIED**.

**III.    The Motion to Confirm**

The Federal Arbitration Act requires a court to confirm an arbitration award unless it is vacated, modified, or corrected. 9 U.S.C. § 9. Here, Brooks has presented evidence of the Award, and the SBA has failed to show any reason why the Award should be vacated under Section 10. However, the Court is of the opinion that the Award should be modified under 9 U.S.C. § 11. A court may modify or correct an award if the arbitrators have entered an award on a matter not submitted to them or where the award is "imperfect in matter of form not affecting the merits of the controversy." *Id.*

In the Award, the arbitrator granted Brooks "post judgment interest at .10% (ten percent) [sic] interest per annum." Doc. No. 56-1 at 26. Clearly this is a typographical error that creates an ambiguity in the Award. Such an ambiguity would normally require this Court to remand the Award to the arbitrator to clarify whether interest was awarded at .10% or 10% per annum. *See Tres Tech Corp. v. Carefusion Corp.*, No. 3:13–CV–1800–K, 2013 WL 4603329 at *5 (N.D. Tex. Aug. 29, 2013). Remand for clarification would be useless in this case, though, because the issue of post-judgment interest was not properly submitted to the arbitrator. *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456–57 (5th Cir. 2013). Because post-judgment interest was not properly before the arbitrator, he did not have authority to award that interest. *Id.* Therefore, the Court will modify the Award to provide post-judgment interest at a rate of .11% per annum to comport with federal law. 9 U.S.C. § 11.

Federal law governs post-judgment interest in federal cases. *Id.* at 456. The interest rate is established by 28 U.S.C. § 1961(a) unless the parties to an arbitration have clearly, unambiguously, and unequivocally agreed to an alternative rate. *Id.* at 457. In *Tricon Energy Ltd.*, the Fifth Circuit found that the parties had clearly agreed to an alternative rate and submitted the issue to arbitration. *Id.* at 458. The reasons for these findings were the broad language of the arbitration agreement, an interest rate included in the contract at issue, plaintiff's specific request for interest pursuant to that contractual rate, and the defendant's argument that there was no contractual authorization to award a non-statutory rate. *Id.* This combination of facts indicated that the claim to an alternative post-judgment interest rate was an issue of contract interpretation that the parties had submitted to the arbitrators. *Id.* No such combination of facts exists here. While the arbitration clause is worded in similarly broad language, neither the Limited Partnership Agreement nor the Subscription Agreement contain any specific interest rate or even discuss post judgment interest. Every discussion of post-judgment interest presented to the arbitrator was presented as a request for interest at the legal rate, not an alternative rate agreed to by the parties. *See, e.g.*, Doc. No. 62-8 at 13. For these reasons the Court finds that the issue of an alternative post-judgment interest rate was never submitted to the arbitrator, and he did not award it as a matter of contract interpretation. The arbitrator's attempted award of an alternative post-judgment interest rate is an attempt to make an award on an issue not submitted to him. 9 U.S.C. § 11(b). Because "an arbitration panel may not establish

a post-judgment interest rate itself," *Tricon Energy Ltd.*, 718 F.3d at 457, the Court will modify the Award to award post-judgment interest at the rate established by 28 U.S.C. § 1961(a). Therefore, pursuant to 9 U.S.C. §§ 9 & 11, the Court **GRANTS in part** the Motion to Confirm. (Doc. No. 56).

IV. **Conclusion**

For the reasons stated above, the Motion to Confirm (Doc. No. 56) is **GRANTED in part** and the Motion to Vacate (Doc. No. 59) is **DENIED**. The Court **CONFIRMS** the Award as modified in the amount of $86,012.50. The Court awards post-judgment interest at a rate of 0.11 percent from the date of this judgment.

**SO ORDERED**

Signed July 1, 2014

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE